UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MATIAS, individually and on behalf of themselves and all other similarly situated persons, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> CLASSIC MOLDING CO., INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:23-cv-02177 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1141, and 1446, Defendant Classic Molding Co., Inc. ("Defendant" or "Classic Molding") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Classic Molding states as follows:

**I. Plaintiff's Complaint**

1. On February 24, 2023, Plaintiff Noe Matias filed a putative class action complaint against Classic Molding in the Circuit Court of Cook County, Illinois, captioned *Noe Matias v. Classic Molding Co., Inc.,* No. 2023-CH-01833 (the "State Court Action").

2. On March 7, 2022, Classic Molding was served with a copy of the Complaint and Summons in the State Court Action.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Classic Molding was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") through the use of a biometric timekeeping clock to track when its employees clocked in and out of work. (Ex. 1 ("Compl."), ¶¶ 17, 23. 24). Specifically, Plaintiff alleges that Defendant violated BIPA by (1) "fail[ing] to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1)"; (2) "fail[ing] to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2)"; (3) "failing to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2)"; (4) "fail[ing] to obtain a written release as required by 740 ILCS 14/15(b)(3)"; (5) "fail[ing] to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a)"; and (6) "fail[ing] to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1)." (Compl. ¶ 50(a)-(f)). Plaintiff alleges that these alleged violations were done "intentionally", "recklessly" or "negligently." (Compl. ¶¶ 35, 55, 56).

6. Plaintiff seeks to represent a putative class of "[a]ll of Classic Molding Co., Inc.'s current and former employees or agents and staffers whose Biometric Information were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period." (Compl. ¶ 37).

4865-4855-4587.2

7. Plaintiff seeks declaratory relief, injunctive and equitable relief, statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(1) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(2), and reasonable attorneys' fees and costs and other litigation expenses 740 ILCS 14/20(3). (Compl., Prayer for Relief, p. 23).

8. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc*., 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

**II.     Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

9. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that "[t]o the extent Defendant is still retaining Plaintiff's biometrics, such retention is unlawful." (Compl. ¶ 20.)

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

10. Plaintiff alleges that "[d]uring relevant periods, upon information and belief, Defendant employed in excess of 100 different employees." (Compl. ¶ 4). Plaintiff further alleges that "[u]pon information and belief, there are at least 100 members of the Class…" (Compl. ¶ 39).

11. Accordingly, the alleged class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

12. According to the allegations in the Complaint, Plaintiff is a resident of Illinois. (Compl. ¶ 2).

13. Defendant Classic Molding is a Wisconsin corporation with its principal place of business in Wisconsin.

14. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Wisconsin, at least one member of the class of Plaintiffs is a citizen of a State different from a Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

15. None of the discretionary exceptions to this Court's exercise of jurisdiction enumerated in 28 U.S.C. § 1332(d) apply to this action.

16. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

17. BIPA provides for statutory damages of up to $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

18. Plaintiff alleges that Defendant committed at least six BIPA violations with respect to Plaintiff and each other member of the putative class. (Compl. ¶ 50(a)-(f)). Plaintiff further alleges that Defendant committed each of these violations "intentionally, recklessly" and seeks

statutory damages of $5,000 for "each and every time Defendant took Plaintiff's and the Class's biometric information." (Compl. ¶¶ 56, 67, Prayer for Relief).

19. Plaintiff alleges the class is at least 100 members. Multiplying $5,000 by 100 people by 6 violations equals $3,000,000. Assuming each putative class member clocked in and out at least once while they worked for Defendant and Plaintiff's allegations consider each to be a separate collection of biometric information, the damages equal at least $6,000,000 ($3,000,000 x 2 clock punches). As such, the amount in controversy exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. 28 U.S.C. § 1332(d)(2).

20. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

### III. Venue

21. Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

22. Classic Molding will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

### IV. Reservation of Rights and Defenses

23. Classic Molding hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Classic Molding's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff

will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendant Classic Molding, Co., Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: April 6, 2023  Respectfully submitted,

/s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo
Amy L. Lenz
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 416-6200 (phone)
(312) 416-6201 (fax)
bdelgobbo@bakerlaw.com
alenz@bakerlaw.com

Joel Griswold
BAKER & HOSTETLER LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
(407) 649-4088
jcgriswold@bakerlaw.com

4865-4855-4587.2

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email on April 6, 2023:

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com

/s/ Bonnie Keane DelGobbo

4865-4855-4587.2