# EXHIBIT 1

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/07/2023
CT Log Number 543361725

## Service of Process Transmittal Summary

TO:     Collin Lang
        RITUS CORPORATION
        7900 N 73RD ST
        MILWAUKEE, WI 53223-4026

RE:     **Process Served in Illinois**

FOR:    Classic Molding Co., Inc.  (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Noe Matias, individually and on behalf of Themselves and all other similarly situated persons, known and unknown vs. Classic Molding Co., Inc. |
| CASE #: | 2023CH01833 |
| PROCESS SERVED ON: | C T Corporation System, Chicago, IL |
| DATE/METHOD OF SERVICE: | By Process Server on 03/07/2023 at 14:10 |
| JURISDICTION SERVED: | Illinois |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113890544 |
| REGISTERED AGENT CONTACT: | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Mar 7, 2023
**Server Name:** Sheriff Drop

| Entity Served | CLASSIC MOLDING CO INC |
|---|---|
| Case Number | 2023CH01833 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



This form is approved by the Illinois Supreme Court and is required to be accepted in all ‖‖‖‖‖‖‖‖‖‖‖‖‖

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | *For Court Use Only* FILED 2/24/2023 1:14 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2023CH01833 Calendar, 16 21615580 |
|---|---|---|
| COOK COUNTY | | |

**5 0 2 6 3 3 9 2**

| **Instructions ▾** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Noe Matias _____ **Plaintiff / Petitioner** *(First, middle, last name )* , individually and on behalf of themselves and all others similarly situated persons persons, known and unknown | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Classic Molding Co., Inc. _____ | 2023CH01833 _____ |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** Hearing Date: No hearing scheduled Location: <<CourtRoomNumber>> Judge: Calendar, 16 |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you can't e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:** a. Defendant/Respondent's primary address/information for service: Name *(First, Middle, Last)*: Classic Molding Co., Inc. Registered Agent's name, if any: CT Corporation System Street Address, Unit #: 208 SO La Salle St. Suite 814 City, State, ZIP: Chicago, Illinois 60604 Telephone: _____ Email: _____ |
|---|---|
| In 1b, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: Name *(First, Middle, Last)*: _____ Street Address, Unit #: _____ City, State, ZIP: _____ Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent: ☑ Sheriff ☐ Sheriff outside Illinois: _____ *County & State* ☐ Special process server ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: ~~2023~~

**\* 5 0 2 6 3 3 9 2 \***

| | | |
|---|---|---|
| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:**<br>Amount claimed:  $ 1,000,000 |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):*  Daniel Schlade/James Dore/ Justicia Laboral, LLC<br>Street Address, Unit #:  6232 N. Pulaski, #300<br>City, State, ZIP:  Chicago, IL 60646<br>Telephone:  (773) 550-3775  Email:  dschlade@justicialaboral.com<br> jdore@justicialaboral.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

**4.** **Instructions for person receiving this** *Summons (Defendant):*

| | | |
|---|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | ☒ a. | To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address:  Clerks, Office, Daley Center, 50 W. Washington, Room 802<br>City, State, ZIP:  Chicago, IL 60602 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. | Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br> *Date*  *Time*  *Courtroom*<br>**In-person at:** |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | _____ _____ _____ _____<br> *Courthouse Address*  *City*  *State*  *ZIP*<br>**OR**<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br> *Call-in number for telephone remote appearance*<br>By video conference: _____<br> *Video conference website*<br>_____<br> *Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br> *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br> *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br> 2/24/2023 1:14 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This** *Summons* **must be served within 30 days of the witness date.**<br>Date of Service: _____<br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all ▌▌▌▌▌▌▌▌▌▌▌

| STATE OF ILLINOIS, CIRCUIT COURT ___COOK___ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only<br>* 5 0 2 6 3 3 9 2 * |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Noe Matias<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>Classic Molding Co., Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | 2023CH01833 |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    And left it with: _____
        *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
        *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2021 [illegible]

\* 5 0 2 6 3 3 9 2 \*

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____

*Signature by:*   ☐ Sheriff
                  ☐ Sheriff outside Illinois:

                  _____
                  *County and State*
                  ☐ Special process server
                  ☐ Licensed private detective

**FEES**

Service and Return:   $ _____
Miles _____  $ _____
Total                 $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Courts.

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** COOK **COUNTY** | **SUMMONS** | *For Court Use Only* <br> FILED <br> 2/24/2023 1:14 PM <br> IRIS Y. MARTINEZ <br> CIRCUIT CLERK <br> COOK COUNTY, IL <br> 2023CH01833 <br> Calendar, 16 <br> 21615580 |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Noe Matias <br> **Plaintiff / Petitioner** *(First, middle, last name )*, individually and on behalf of themselves and all others similarly situated persons persons, known and unknown | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/Respondents. | Classic Molding Co., Inc. <br> **Defendant / Respondent** *(First, middle, last name)* | 2023CH01833 <br> **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | Hearing Date: No hearing scheduled <br> Location: <<CourtRoomNumber>> <br> Judge: Calendar, 16 |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. <br><br> E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. <br><br> Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|

| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. <br><br> If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |
|---|---|

**1.   Defendant/Respondent's address and service information:**

| | |
|---|---|
| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a.   Defendant/Respondent's primary address/information for service: <br> Name *(First, Middle, Last):*   Classic Molding Co., Inc. <br> Registered Agent's name, if any:   CT Corporation System <br> Street Address, Unit #:   208 SO La Salle St. Suite 814 <br> City, State, ZIP:   Chicago, Illinois 60604 <br> Telephone: _____   Email: _____ |
| In 1b, enter a second address for Defendant/Respondent, if you have one. | b.   If you have more than one address where Defendant/Respondent might be found, list that here: <br> Name *(First, Middle, Last):* _____ <br> Street Address, Unit #: _____ <br> City, State, ZIP: _____ <br> Telephone: _____   Email: _____ |
| In 1c, check how you are sending your documents to Defendant/Respondent. | c.   Method of service on Defendant/Respondent: <br> ☑ Sheriff        ☐ Sheriff outside Illinois: _____ <br>                                                      *County & State* <br> ☐ Special process server      ☐ Licensed private detective |

SU-S 1503.2           Page 1 of 4           (06/21)

Enter the Case Number given by the Circuit Clerk: _____

**• 5 0 2 6 3 3 9 2 •**

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed:  $ 1,000,000 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  Daniel Schlade/James Dore/ Justicia Laboral, LLC<br>Street Address, Unit #:  6232 N. Pulaski, #300<br>City, State, ZIP:  Chicago, IL 60646<br>Telephone: (773) 550-3775   Email:  dschlade@justicialaboral.com<br>                    jdore@justicialaboral.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☒ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:  Clerks, Office, Daley Center, 50 W. Washington, Room 802<br>City, State, ZIP:  Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>       *Date*           *Time*                                    *Courtroom*<br>In-person at: |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br>*Courthouse Address*      *City*                    *State*        *ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>                    *Call-in number for telephone remote appearance*<br>By video conference: _____<br>                          *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>                          *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>    *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>                          2/24/2023 1:14 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>                  *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all ‖‖‖‖‖‖‖‖‖

| STATE OF ILLINOIS, CIRCUIT COURT ____COOK____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only * 5 0 2 6 3 3 9 2 * |
| --- | --- | --- |

| Instructions | |
| --- | --- |
| Enter above the county where the case was filed. | Noe Matias _____ **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Classic Molding Co., Inc. _____ **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

| 2023CH01833 |
| --- |
| **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
         *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
                *First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                              *First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2043 ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

* 5 0 2 6 3 3 9 2 *

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | |

By: _____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

                 _____
                 *County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return:  $ _____
Miles _____     $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**12-Person Jury**

* 5 0 2
2/24/2023 12:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH01833
Calendar, 16
21614881

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

Noe Matias, individually and on behalf of
Themselves and all other similarly situated persons,
known and unknown,

Case No. **2023CH01833**

Plaintiff(s),

v.

Classic Molding Co., Inc.,

Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, Noe Matias ("Plaintiff") individually and on behalf of themselves and all other similarly situated persons, known and unknown (the "Proposed Class"), by their attorneys, Daniel I. Schlade and James M. Dore of Justicia Laboral, LLC, complains against Defendant Classic Molding Co., Inc. ("Defendant") and in support of this Complaint, states:

### Introduction and Parties

1.      This class action seeks redress for Defendant's willful violations of the Illinois Biometric Information Privacy, Act, 740 ILCS 14/1, *et, seq.* ("BIPA") for failure to comply with Illinois's requirements for gathering individuals' biometric data.

2.      Plaintiff is a resident of Chicago, Illinois; and they are or were employed by Defendant.

3.      Defendant Classic Molding Co., Inc. is a corporation in the business of manufacturing custom plastic injection molding, including in Schiller Park, Illinois. During relevant periods, upon information and belief, Defendant employed in excess of 100 different employees.

4.      The Court possesses general subject matter jurisdiction over the state law BIPA claim. Jurisdiction is proper under 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and



because Plaintiff's and the Proposed Class's (the "Class") claims arise out of Defendant's unlawful in-state actions, as Defendant failed to comply with BIPA while taking Plaintiff and the Class's biometric information without complying with BIPA's requirements.

5.      Venue is proper in the Circuit Court of Cook County because all or most underlying facts and transactions occurred in Schiller Park, Illinois, and Plaintiff resides in Chicago, and Defendants transact business in Schiller Park, Illinois.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq

6. Plaintiff reincorporates by reference Paragraphs 1 through 5, as if set forth in full herein for Paragraph 6.

7. BIPA defines a "Biometric Identifier" as any personal feature that is unique to an individual, including fingerprints, palm scans, and face/facial feature/retinal scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics".

8. This count concerns the taking and/or misuse of individuals' biometrics by Defendant Classic Molding Co., Inc..

9. Defendant was and/or is capturing, storing, using, and/or disseminating the Biometric Information of Plaintiff and other Class members without their informed written consent as required by law.



* 5 0 2 6 3 3 9 2 *

10. Defendant's biometric technology captures, collects, or otherwise uses Biometric Information, or portions and/or data derived therefrom, to authenticate the identity of individuals including Plaintiff and members of the proposed class.

11. Biometric technology allows companies to reduce timekeeping fraud and/or acquire other efficiencies for their business. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or malicious dissemination of this information.

12. The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent and irreplaceable nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

13. Recognizing the irreversible harm presented by allowing the unregulated collection and use of biometrics, Illinois passed the BIPA, a statute addressing the collection, use, retention, possession, and dissemination of biometrics by private entities, such as Defendant Carmelo's.

14. Under BIPA, a biometric system, such as Defendant's system, is legal if, and only if, Defendant first:

    (1) informs the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;

    (2) informs the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

    (3) receives an executed written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and



* 5 0 2 6 3 3 9 2 *

(4) publishes publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

15. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

16. At the time the BIPA was passed in 2008, another data privacy statute, the Personal Information Protection Act, 815 ILCS § 530 et seq. ("PIPA"), had been law in Illinois since 2006. PIPA provided a private right of action if a company possessing an individual's unique biometric data (the same data regulated by the BIPA) suffers a data security breach and fails to give affected consumers proper notice of such a breach. Further, numerous state and federal statutes, including the Illinois Consumer Fraud Act, also provide consumers a remedy in the event of an actual breach.

17. Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as fingerprints, handprints, or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

18. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's



biometric information is also associated with his/her Social Security Number and potentially other relevant financial information or personal identifiable information. The gravity of the unresolvable problems created in the event of a data breach is so severe that the unlawful collection of such information constitutes actual harm.

19. Plaintiff brings this action for damages and other remedies resulting from the actions of Defendant in capturing, storing, using, and disseminating his/her biometrics, and those other individuals throughout the state of Illinois, without informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of the Illinois BIPA.

20. To the extent Defendant is still retaining Plaintiff's biometrics, such retention is unlawful. Plaintiff would not have provided their biometric data to Defendant or utilized its biometric timekeeping technology had they known the same would remain with Defendant for an indefinite period or subject to unauthorized disclosure.

21. On behalf of themself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and common law monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

22. During the relevant time, Plaintiff worked at Defendant's premises.

23. Defendant uses biometric scanning technology to monitor and track its employees' and other staffers, including Plaintiff's time.

24. For the time period of August 2021 until December 2021 of Plaintiff's employment at Defendant's facilities, they were required to scan their fingerprints and/or other biometrics into

* 5 0 2 6 3 3 9 2 *

Defendant's biometric timekeeping device each time they needed to "clock-in" and "clock-out". The system ensures that Plaintiff could only verify their attendance and timeliness using the device. Defendant was aware that Plaintiff and other Class members would be required to utilize the biometric timekeeping technology.

25.  Plaintiff relied on Defendant to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including retention, destruction, and dissemination policies.

26.  Defendant was aware, or reckless in failing to be aware, that its employees and staffers would be subject to its biometric technology. Defendant was aware that its biometric technology would be capturing, collecting, utilizing, and/or disseminating the biometrics of Plaintiff and the Class members.

27.  Defendant's biometric technology allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

28.  Prior to taking Plaintiff's biometrics through its biometric technology, Defendant did not inform Plaintiff in writing that their biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics. Defendant did not seek, and Plaintiff never provided, any executed written consent relating to the collection, use, storage, or dissemination of his biometrics.

29.  Prior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.



\* 5 0 2 6 3 3 9 2 \*

30. Additionally, Defendant did not obtain written consent from Plaintiff for the dissemination of their biometrics to third parties.

31. To this day, Plaintiff is unaware of the status of their biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains their biometrics, and if it does, for how long it intends to retain such information without his consent.

32. Plaintiff and/or members of the Class have been aggrieved as a result of Defendant's violations of BIPA, and they may have suffered pecuniary damages in the form of lost wages, diminution in the unique identifying value of his biometrics, and other costs associated with identity protection.

33. Furthermore, Plaintiffs biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. Defendant's repeated use of Plaintiff's biometrics does and will continue to confer a benefit on Defendant for which Plaintiff was not sufficiently compensated.

34. At the time Plaintiffs biometrics were captured, Defendant did not have a publicly available policy of informing individuals, including Plaintiff, of what happens to their biometrics after they are captured, whether the information is disseminated to a third party and, if so, which third party, and what would happen to the data if Defendant was to be acquired or file bankruptcy.

35. Plaintiff and/or members of the Class have been aggrieved by Defendant's violation of BIPA, since Plaintiff were denied the written disclosures, releases and other information required by Section 15 of BIPA, and thus Plaintiff and/or members of the Class were deprived of: informed consent with respect to the taking of their biometric data; access to Defendant's biometric privacy policies; and/or other such rights afforded by BIPA.



* 5 0 2 6 3 3 9 2 *

36. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy. Each and every instance that Defendants took Plaintiff's and members of the proposed class's Biometric Information constituted a violation of BIPA. Pursuant to Section 20 of the BIPA, Defendant is liable to Plaintiff for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA. Likewise, Defendant is liable to each member of the proposed class for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA.

### Class Allegations

37. Plaintiff brings this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All of Classic Molding Co., Inc.'s current and former employees or agents and staffers whose Biometric Information were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period

38. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

39. Upon information and belief, there are at least 100 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.



40. Plaintiff's claims are typical of the claims of the members of the Class they seek to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

> a. Whether Defendant's timekeeping technology and associated conduct is subject to BIPA;
>
> b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;
>
> c. Whether Defendant obtained a written and executed release from the Class before capturing, collecting, or otherwise obtaining their biometrics;
>
> d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;
>
> e. Whether Defendant's conduct violates BIPA;
>
> f. Whether Defendant's conduct is negligent;
>
> g. Whether Defendant's violations of the BIPA are willful or reckless; and
>
> h. Whether Plaintiff and the Class are entitled to damages and injunctive relief;
>
> i. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics.

42. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal



* 5 0 2 6 3 3 9 2 *

litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

44. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

45. Defendant is a private entity under BIPA.

46. BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information ....". 740 ILCS 14/15(b).

* 5 0 2 6 3 3 9 2 *

47.     Illinois's BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

48.     Plaintiff and the other Class members have had their "biometric identifiers", namely their fingerprints, collected, captured, received or otherwise obtained by Defendant and/or its technology. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10

49.     Each instance Plaintiff and the other Class members had their fingerprints scanned into Defendant's biometric devices, Defendant and/or its technology captured, collected, stored, and/or used Plaintiffs and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

50.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

   a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);



c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS14/15(a); and/or

f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

51. By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiffs and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

52. By capturing, collecting, storing, using, and disseminating Plaintiffs and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

53. Had Defendant informed Plaintiff that he was not being provided with the required information regarding his biometrics and the biometric timekeeping program it was providing as required by law, or that the biometric technology it was providing was not legally compliant, they may not have worked in the subject employment conditions or agreed to provide his biometrics without additional compensation.

54. Further, had Defendant provided Plaintiff with all required disclosures, they at least would have been able to make an informed decision concerning material facts of the work environment,



* 5 0 2 6 3 3 9 2 *

including whether the rate of pay and opportunity cost justified participating in the biometric timekeeping program.

55.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

56.     Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

    **Wherefore**, Plaintiff, on behalf of themselves and the proposed Class, prays for:

    a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. a declaration that Defendant's actions violate BIPA;

    c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture and collection of biometrics, as well as requiring Defendant to comply with the written retention policy requirements of 740 ILCS 14/15(a);

    d. an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1), more specifically, an award of $5,000 for each and every time Defendant took Plaintiff's and the Class's biometric information;

    e. an award or statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3), more specifically, an award of $1,000 for each and every time Defendant took Plaintiff's and the Class's biometric information;

    f. an award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and/or

    g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

* 5 0 2 6 3 3 9 2 *

Noe Matias, Individually And On Behalf Of Themselves
And All Other Similarly Situated Persons, Known And
Unknown,

By, one of their attorneys

Daniel Schlade (#6273008)
James Dore (#6296265)
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 330961

* 5 0 2 6 3 3 9 2 *

## RULE 222 AFFIDAVIT OF DANIEL I. SCHLADE

I, Daniel I. Schlade, based upon my personal knowledge, swear and state as follows:

1. I am over 21 years of age and do not suffer from any disabilities that would prevent me from making this affidavit. I have read and am familiar with the allegations of the Amended Complaint in the above-captioned matter.

2. I am an attorney retained by Plaintiff and the proposed class in the above captioned matter to prosecute this action.

3. This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by §1-109 of the Illinois Code of Civil Procedure, the undersigned, attorney for Plaintiff and the proposed class, certifies that the money damages sought by the Plaintiff and the proposed class herein exceed $50,000.00.

FURTHER AFFIANT SAYETH NOT.

### Verification

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he believes the same to be true.

Dated:    February 24, 2023

_____
Daniel I. Schlade



* 5 0 2 6 3 3 9 2 *
FILED
2/24/2023 1:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH01833
Calendar, 16
21615528

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

Noe Matias, individually and on behalf of themselves
and all other similarly situated persons, known and unknown,

                     Plaintiffs.

   v.

Classic Molding Co., Inc.,

                     Defendants.

Case No.  2023CH01833

### Plaintiff's Motion for Class Certification, or alternatively, for a
### Deferred Class Certification Ruling Pending Discovery

Plaintiff, Noe Matias ("Plaintiff"), by their undersigned counsel, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed in his Memoranda of Law, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys James Dore and Daniel Schlade of Juticia Laboral, LLC as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. See, e.g., *Ballard RN Center, Inc. v. Kohl's Pharmacy & Flomecare, Inc.*, 2015 IL 118644, at 42-43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memoranda of Law.

Noe Matias Individually And On Behalf Of Themselves And All Other Similarly Situated Persons, Known And Unknown,

By one of their attorneys

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 330961

1



* 5 0 2 6 3 3 9 2 *

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

Noe Matias individually and on behalf of themselves )
and all other similarly situated persons, known and unknown, )
                                          )
                             Plaintiffs. )
        v. )
                                            )
Classic Molding Co., Inc., )
                          Defendants. )

### Plaintiff's Memorandum of Law in Support of Class Certification

Plaintiff, Noe Matias ("Plaintiff") individually and on behalf of themselves and all other similarly situated persons, known and unknown (the "Proposed Class"), by their attorneys, Daniel I. Schlade and James M. Dore of Justicia Laboral, LLC, submits the following Memorandum of Law in Support of Class Certification, and in support states:

This Court should certify a class of Illinois workers whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant Classic Molding Co., Inc. ("Claasic Molding Co." or "Defendant). Defendant, a corporation, has violated Illinois law by capturing, collecting, storing and using its workers' fingerprints without obtaining proper consent, and by failing to provide workers with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored. After learning of Defendant's wrongful conduct, Plaintiff brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's collection, use and storage of biometric data and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

2



* 5 0 2 6 3 3 9 2 *

## I. Introduction – The BIPA

The BIPA is designed to protect individuals' personal biometric information. Under the BIPA, biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry; while biometric information can be defined as the manipulation of biometric identifiers into usable, storable data. In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that private entities such as Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; (3) received a written release from the person for the collection of her or her biometric identifiers information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5.

## II. Factual Background

### A. The Underlying Misconduct.

Defendant employed Plaintiff and other employees/members of the proposed class at Classic Molding Co., Inc.

During the relevant period, Defendant implemented a biometric timekeeping system to monitor the hours worked by its workers. Defendant acquired and installed biometric timekeeping devices at its facility and required its workers, including Plaintiff, to be fingerprinted by their biometric timekeeping devices, which captured, stored, and used their fingerprints. All workers were expected to provide at least one of their fingerprints or handprints to the Defendant. Defendant and/or its agents, through their biometric timekeeping devices, then captured, stored



and used workers' fingerprints and associated biometric information as a way to monitor the hours they worked.

However, Defendant failed to obtain informed consent from its workers prior to capturing and collecting their biometric information and similarly failed to provide workers and the public with a retention schedule and deletion policies which detailed how and when Defendant would retain and then destroy its workers' biometric information and/or biometric identifiers. On information and belief, Defendant does not have a policy of informing its employees what happens to their biometric data or information after it is collected and obtained, whether the information is transmitted to and, if so, which third party, and what would happen to the data and information if an individual discontinues working for Defendant, if the business were to close, or if Defendant were to be acquired, sold, or file for bankruptcy. Despite changing their timekeeping practices to require workers to enter their biometric identifiers, Defendant failed to comply with the BIPA's s protocols related to biometric identifiers and biometric information.

### B. The Proposed Class.

Plaintiff brings Count 1 of this action on behalf of himself and a Class of similarly situated individuals (the "Class"), defined as follows:

> All of Classic Molding Co., Inc. 's current and former employees or agents and
> staffers whose Biometric Information were captured, collected, stored, used,
> transmitted, or disseminated by or on behalf of Defendant or its technology within
> the State of Illinois any time within the applicable limitations period.

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure-numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it



* 5 0 2 6 3 3 9 2 *

is also the only way that the members of the putative class can obtain appropriate redress for Defendant's unlawful conduct.

## C. Argument

### A. Standards for Class Certification.

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.
> (4).      The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class

* 5 0 2 6 3 3 9 2 *

certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to error in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, see *Manual for Complex Litigation (Fourth)*, § 21.14, at 255 (2004), courts have found discovery can be helpful prior to addressing a motion for class certification. See, e.g., *Ballard RN Center, Inc. v. Kohli's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at par. 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation"), (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, if deemed necessary by the Court, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B. The Requirement of Numerosity Is Satisfied.**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642-43 (1977)). To satisfy this requirement a plaintiff need not demonstrate the exact

number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. IL 2006).

Plaintiff alleges that there are 100 members of the Class. Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. See 2 A. Conte & H. Newberg, *Newberg on Class Actions* § 7.20, at 66 (where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as *prima facie* evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's business processes in Illinois and their lack of biometric retention policies, adequately demonstrate the numerosity of the proposed Class. See *Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. IL 2008) (the court "may make common sense assumptions in determining numerosity").

Defendant operates a custom plastic injection molding manufacturing company. The Defendant utilizes employees such as Plaintiff to produce plastic injection molding. There has been turnover of employees, suggesting even more potential class members exist than the number of employees Defendant currently has. As such, the number of Class members is almost certainly to satisfy the numerosity requirement. See *Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Carrao v. Health Care Serv. Corp.*, 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the complaint of hundreds and possibly thousands of class members clearly supports finding that joinder would be impracticable).

Additionally, the members of the putative Class can be easily and objectively identified from the Defendant's employment records once they are produced. Furthermore, it would be



* 5 0 2 6 3 3 9 2 *

completely impracticable to join the claims of the members of the Class, because they are likely disbursed throughout Northern Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. See *Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

**C.     Common Questions of Law and Fact Predominate.**

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. See *Miner v. Gilletre Co.*, 428 N.E.2d 478,483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. See *O-Kay Shoes, Inc. v. Rosewell*, 412 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. IL Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household .Tnt'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).



* 5 0 2 6 3 3 9 2 *

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: Whether Defendant collects, captures, stores or uses the biometrics of Class members; Whether Defendant develops and makes available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by the BIPA; Whether Defendant obtains a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics; Whether purposes, and the length of time, for which their biometrics were being collected, stored and used before t ng; Whether Defendant's violations of the BIPA are willful and reckless; and Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometric identifiers and/or biometric information of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of tact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**D. Adequate Representation.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced, and generally able to conduct the proposed litigation." See *Miner*, 428 N.E.2d at 482; see also *Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill.

* 5 0 2 6 3 3 9 2 *

App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class. Plaintiff and all members of the Class have had their biometric information taken by Defendant without giving proper consent and without receiving a retention schedule from the Defendant. Additionally, this information was likely given by Defendant to a third party without the knowledge of Plaintiff or any other members of the Class. Plaintiff's pursuit of this matter demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex litigation, and has extensive experience in consumer lawsuits. (See Declarations of James M. Dore and Danial Schlade, attached hereto). Class counsel are affiliated with Justicia Laboral, LLC and will have access to resources for processing the claims of the Class Members. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

**E.      Fair and Efficient Adjudication of the Controversy.**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope*



*Chtd.*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action ... a fair and efficient method to resolve the dispute.") Because numerosity, commonality, and predominance, and adequacy of representation have been satisfied in the instant case, it is evident that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A controlling factor in many cases is that the class action is the only practical means for class members to receive redress. *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost...sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving the BIPA, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with the BIPA, to ensure that the Class members' privacy in their biometrics is sufficiently protected, and to compensate those individuals who have had had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to honor the requirements of the statute. Thus,

* 5 0 2 6 3 3 9 2 *

proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. CONCLUSION

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing James M. Dore and Daniel Schlade as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Noe Matias Individually And On Behalf Of Themselves And All Other Similarly Situated Persons, Known And Unknown,

By one of their attorneys

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 330961

12

* 5 0 2 6 3 3 9 2 *

## Declaration of Attorney Daniel I. Schlade

Daniel I. Schlade, attorney for the Plaintiff and proposed class and presents this Declaration in support of Plaintiff's Motion for Class Certification and Memoranda in support of the same, and for the Appointment as Class Counsel in this matter:

1. I am over 21 years of age and do not suffer from any disabilities that would prevent me from making this Declaration. This Declaration is made upon on my personal knowledge and, if sworn as a witness, I could testify competently to the facts set forth herein.

2. The Court possesses general subject matter jurisdiction over the state law Illinois Biometric Information Privacy Act ("BIPA") claim. Jurisdiction is proper under 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's and the Class's claims arise out of Defendant's violation of the BIPA.

3. I have practiced law for more than 20 years in numerous areas of commercial and consumer litigation, representing both plaintiffs and defendants.

4. My colleague, James M. Dore ("Dore"), has practiced law for more than 13 years in numerous areas of commercial and consumer litigation, representing both plaintiffs and defendants.

5. Since becoming an attorney, both Dore and I have acquired extensive practice in the area of employee and labor rights, including prosecuting BIPA claims, wage claim recovery actions for employees, including enforcement of the Illinois Minimum Wage Law Act, in 820 ILCS § 105/1, *et seq* ("IMWL"), federal Fair Labor Standards Act Claims ("FLSA"), and discrimination claims under both Title VII and state law. Both Dore and I have represented and advised over 100 clients on various employment law matters.



* 5 0 2 6 3 3 9 2 *

6. Additionally, Dore and I have extensive experience representing plaintiffs in other consumer protection areas, such as consumer fraud; tenants' rights; and mortgage foreclosure defenses.

7. Dore and I are both duly-licensed attorneys in the State of Illinois and are in good standing.

8. Together, we are the attorneys for Plaintiff and are proposing to be class counsel to the class members. We represent plaintiffs in a wide variety of employment matters, including individual and class action litigation involving BIPA, wage and hour matters.

9. Dore and I have substantial experience in prosecuting and settling wage and hour collective/class actions and are well-versed in employment law and class action law.

10. In addition, we continually research the labor law (including wage and discrimination claims) and the BIPA in order to stay up-to-date on the law, as well as other related laws.

11. Dore and I have served or are currently serving as proposed class counsel in: *Cruz v Jame Roll Form Products LLC,* Case No. 2021 CH 4132 in the Circuit Court of Cook County; *Mastache v. East Side Services* LLC, 21-cv-02511, in the Northern District of Illinois; *Nehemias v. McNelly Services, Inc.,* 21-CH-6002 in the Circuit Court of Cook County; *Cortes v. Furniture & Mattress Depot, Inc.,* 21 CH 03135 in the Circuit Court of Cook County; and *Manterola v. PAXXUS, Inc.*, 21-CH-483 in DuPage County. Dore has served as counsel for defendants in the wage class action suit *Landabazo v. Café 23, Inc. et al,* 14 cv 03844. Within the last year, Daniel Schlade and I have served as co-counsel on at least 100 matters involving wage and hour litigation, in both the Northern District of Illinois and the Circuit Court of Cook County, Illinois.

12. Dore's and my practice is currently at least 80% employment law related claims.

* 5 0 2 6 3 3 9 2 *

13. I have also been involved in legal educational groups, and I have authored or co-authored a number of chapters for the Illinois Institute for Continuing Legal Education ("IICLE"). Dore has also been involved in many educational and legal groups, including the Illinois State Bar Association, the Chicago Bar Association, and the Illinois Creditor's Bar Association. Additionally, we have both received CLE on various wage and hour and consumer protection topics, including collective/class action litigation at meetings, conferences, and CLE programs sponsored.

14. Dore and I are also members of the law firm Justicia Laboral LLC ("JLL"). JLL is a law firm focused on providing representation, guidance and advocacy for aggrieved employees, and it currently has a presence in states: Illinois, Texas, New Mexico, Colorado, New York, New Jersey, Florida, California, North Carolina and Arizona. JLL possesses the resources and support staff that will allow for the proper administration of any Class recovery, notifications, and administrative necessities.

15. Given our substantial experience in prosecuting: a) wage and hour class and collective actions; b) other employee labor claims; and c) consumer protection actions, it is our position that it is proper for the Court to appoint Dore and I as Class counsel in this matter.

### Verification

Pursuant to Section 1-109 of the Code of Civil Procedures the above statements are true and correct, and as to those matters stated on information and belief the undersigned believes them to be true and correct.

**Daniel I. Schlade**
**James M. Dore**
*Justicia Laboral LLC*
6232 N. Pulaski, #300
Chicago, IL 60646
P: 773-550-3775
E: dschlade@justicialaboral.com, jdore@justicialaboral.com

Daniel I. Schlade
Date: February 24, 2023