## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

NOE MATIAS AND LUCINA AGUERO
individually, and on behalf of themselves
and all others similarly situated persons,
known and unknown,

               Plaintiff,

v.

  CLASSIC MOLDING CO., INC.,

               Defendant.

Case No. 1:23-CV-02177

Judge Sara L. Ellis

Magistrate Judge Young B. Kim

### Plaintiffs' Unopposed Motion for
### Preliminary Approval of Class Action Settlement

Plaintiffs, Noe Matias and Luciana Aguero, by his/her undersigned counsel, and pursuant to Fed R. Civ. P. 23 , move for entry of an order granting preliminary approval of the class action settlement in this matter. In support of his Motion, Plaintiff submits the following Memoranda of Law.

                                    s/   James M. Dore
_____

**Justicia Laboral LLC**
James M. Dore (ARDC# 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Rd., #300; Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com
dschlade@justicialaboral.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

NOE MATIAS AND LUCINA AGUERO
individually, and on behalf of themselves
and all others similarly situated persons,
known and unknown,

        Plaintiff,

v.

CLASSIC MOLDING CO., INC.,

        Defendant.

Case No. 1:23-CV-02177

Judge Sara L. Ellis

Magistrate Judge Young B. Kim

**Plaintiffs' Memorandum of Law in Support of their
Unopposed Motion for Preliminary Approval of Class Action Settlement**

**I. Introduction**

      Plaintiffs and proposed class representatives Noe Matias and Luciana Aguero (cumulatively "Plaintiffs"; individually "Settlement Class Representatives") are current and former Illinois employees and/or staffers of Defendant Classic Molding Co., Inc. ("Defendant"). In this lawsuit, Plaintiffs allege that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") by collecting and/or disclosing their Illinois employees' biometric data through a finger-scan timekeeping system without following BIPA's written disclosure and consent requirements. Defendant denies Plaintiffs' allegations.

      Through extensive negotiations, the parties reached a $59,812.50 class settlement for an estimated 55 Settlement Class Members. Attached as Ex. 1 is a true and accurate copy of the Settlement Agreement. Because the settlement is fair, reasonable, adequate, and meets all requirements under Illinois law, the Court should grant preliminary approval and enter the Parties' proposed order.

## II. Procedural History (Ex. 1, Settlement Agreement, § I)[1]

On February 24, 2023, Plaintiff filed his Class Action Complaint in the Circuit Court of Cook County. On April 6, 2023, Defendant removed this lawsuit to the Northern District of Illinois. Dckt. 6. On April 18, 2023, Plaintiffs filed an Amended Complaint in this court, alleging that Defendants violated BIPA, 740 ILCS 14/1, *et seq*, by requiring him and other employees and staffers to use a biometric timekeeping system as part of their jobs. In particular, Plaintiff alleged Defendant violated BIPA in three ways: (1) collecting biometric fingerprint identifiers and information from him and other Illinois staffers and employees  without following BIPA's informed written consent procedures; (2) possessing biometric identifiers and information without a publicly available data retention schedule and destruction policy; and (3) disclosing biometric identifiers and information from him and other employees to Defendant's timekeeping vendor without consent. Dckt. 14. Defendant has generally denied the allegations.

Upon the appearance of Defendant's counsel, the Parties voluntarily exchanged information with the relevant legal and factual arguments for their respective positions in the case. After extensive negotiations and a review of the factual background, the Parties entered into their Settlement Agreement. Ex. 1.

In this Motion, Plaintiffs seek preliminary approval of the Settlement Agreement; Defendant does not oppose the relief sought in this Motion.

## III.     Summary of Settlement Terms

### A. The Proposed Settlement Class (Ex. 1, Settlement Agreement, § II)

---

[1]     Capitalized terms not defined herein shall have the meaning set forth in the Class Action SettlementAgreement ("Settlement" or "Settlement Agreement"), which is Exhibit 1. Citations to the Settlement Agreement are in the headings of this Memorandum to avoid unnecessary multiplication of in-text citations.

The Settlement Class Representatives seek preliminary approval of the following class:

> All individuals working for Classic Molding Co., Inc. who did not sign a BIPA consent form before using the timekeeping devices at issue in this case and who allegedly had their finger scan data, hand scan and/or any other biometric identifier and/or information collected, captured, received, stored or otherwise obtained, retained, disseminated or disclosed by Defendant between February 25, 2018, and February 24, 2023, and who do not timely opt-out of the settlement.

Defendant estimates there are 55 Settlement Class Members.

**B.  Settlement Fund; Allocation of the Fund; Payments to Class Members (Ex. 1, Settlement Agreement, § III)**

While denying all liability and wrongdoing, Defendant has agreed to pay a Gross Fund of $59,812.50 to resolve the claims in this case on a class action basis. The Gross Fund is the maximum amount that Defendant shall pay under this Settlement.   None of the Gross Fund shall revert back to Defendant.

The term "Net Fund" is the Gross Settlement Fund minus Court awarded amounts for the Settlement Administrator's Fees and Costs, Named Plaintiff's Service Award, and Class Counsel's fees and costs. Payment will be made via direct checks to Class Members by the Settlement Administrator.

**C.    Uncashed Checks Will Be Distributed to the Unclaimed Property Division (Ex. 1, Settlement Agreement, § III.2)**

 Funds from checks not cashed by Class Members in 90 days will be divided equally between *cy pres* recipient Mercy Home for Boys and Girls and/or an approved charity supporting access to legal justice and/or services, subject to approval by the Court.

**D.  Defendant's Denial of any Liability under BIPA (Ex. 1, Settlement Agreement, § I)**

Defendant has denied any liability under BIPA.  Any stipulation or admission by Defendant or Plaintiff contained in any document pertaining to the Settlement is made for settlement purposes only.

**E. Release of Claims (Ex. 1, Settlement Agreement, § III.3)**

Subject to Final Approval, Settlement Class Members will release any and all filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Illinois Biometric Information Privacy Act or other federal, state, local, statutory or common law or any other law, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of or relating to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, possession, storage, use, destruction, and dissemination of biometric data including all claims that were brought or could have been brought in Named Plaintiff's Complaint relating to such collection, possession, use, destruction, storage, and dissemination of biometric data belonging to any and all Releasing Parties. Excluded from the Settlement Class are persons who timely elect to exclude themselves, the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate families.

**F. Settlement Administration (Ex. 1, Settlement Agreement, § III.4.)**

Due the relatively modest size of the settlement amount and class size, Class Counsel's firm Justicia Laboral LLC seeks to self-administer the settlement. References to the "Settlement Administrator" are to Justicia Laboral LLC. All costs of the Settlement Administrator shall be paid from the Gross Settlement Fund with a limit of $7,000.00. This amount shall not be an additional expense of Defendant but shall be paid out of the Gross Settlement Fund. The Parties

5

agreed to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

**G.  Notice of Class Action Settlement (Ex. 1, Settlement Agreement, par. 11 and Attach. A)**

Among other things, Plaintiffs' proposed Notice of Class Action Settlement ("Notice") explains the following to Settlement Class Members: (1) what the settlement is about; (2) how to receive payment, request exclusion, and submit an objection; (3) how to obtain more information about the Settlement; (4) the monetary terms of the Settlement and how individual payments will be calculated; (5) the maximum amounts to be requested for attorney fees, costs, settlement administration, and Service Awards; and (6) the Final Approval Hearing details.  The Notice further provides the Settlement Administrator's information in order to request documents related to the litigation or to call for information.

**H.  Distribution of Notice and Opting Out/Exclusion/Objecting Procedures ((Ex. 1, Settlement Agreement, §§ III, 11(b) and 12)**

The Settlement Administrator will implement a class notice program to ensure that Settlement Class Members learn of their rights in the Settlement.  The Settlement Administrator shall send a copy of the Notice of Class Action Settlement and Opt-Out Form, attached to the Settlement Agreement as Exhibit A, to Settlement Class Members via regular U.S. mail. The Notice and Opt-Out Form will be mailed using the most current mailing address information for Settlement Class Members, which the Settlement Administrator shall obtain from the Defendant. The front of the envelopes containing the Notice will be marked with words identifying the contents as important documents authorized by the Court and time sensitive.  For Settlement Class Members whose notices are returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly run a search to locate an updated address and shall promptly mail the notice to the updated address. If after this second mailing, the Notice is again

returned as undelivered, the notice mailing process shall end for that Settlement Class Member (except as provided in Section 11.b.(2) of the Settlement Agreement).

On the timetable specified in Section III.5 of the Settlement Agreement, and for Settlement Class Members for whom the Settlement Administrator is provided or obtains an email address, the Settlement Administrator shall email to Settlement Class Members a copy of the Notice of Class Action Settlement and Opt Out Form, attached hereto as Attachment A, in addition to sending copies via U.S. Mail as described in Section 11.b.(1).

The Notice and Opt Out Form explain that Settlement Class Members must return an Opt Out Form in on or before 60 days from Notice distribution to opt out of receiving a settlement payment. Settlement Class Members may return an Opt Out Form by mail or via email to the Settlement Administrator. Settlement Class Counsel shall include data in its final approval motion about the number of Opt Out Forms that were returned.

The Notice and Opt Out Form provides that Settlement Class Members who wish to submit written objections to the Settlement must mail or email them to the Class Counsel on or before 60 days from Notice distribution. To state a valid objection to the Settlement, an objecting Settlement Class Member must sign the objection and provide: (i) full name, current address, current telephone number, and the last four digits of his/her Social Security Number; (ii) a statement of the position or objection the objector wishes to assert, including the grounds for the position and objection; and (iii) copies of any other documents that the objector wishes to submit in support of his/her/its position. No later than three (3) days after receiving an objection, Class Counsel shall furnish Defendant's Counsel a copy of the objection and shall file the objection with the Court. Subject to approval of the Court, any objecting Settlement Class Member may appear in person or by counsel at the final approval hearing held by the Court to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any

petitions for attorney fees, reimbursement of reasonable litigation costs and expenses, and service award.

The Notice and Opt Out Form provide that Settlement Class Members who wish to exclude themselves from the Class must return the Opt Out Form requesting exclusion from the Class by mail or email to Class Counsel on or before the 60 days from Notice distribution. Such written request for exclusion must contain the Class Member's full name, address, telephone number, and the last four digits of his or her social security number. The Class Member's signature on the Opt Out Form represents a statement that she/he wishes to be excluded from the settlement. The Opt Out Form must be signed by the Class Member (an electronic signature qualifies). The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement. No later than three (3) days after receiving a request for exclusion Class Counsel shall furnish Defendant' Counsel a copy of that request for exclusion. Settlement Class Counsel shall file or otherwise identify the requests for exclusion with the motion for final approval of the settlement.

If five percent (5%) or more of the Settlement Class Members submit valid requests for exclusion from the Settlement, Defendant may elect to withdraw from and not be bound by the terms of this Agreement.

This notice program satisfies due process under Illinois law and is designed to notify the Settlement Class of their rights and obligations. The Settlement Administrator will distribute funds to Settlement Class Members via direct checks.

**I. Service Award (Ex. 1, Settlement Agreement, § III.8)**

Under the Settlement Agreement, Settlement Class Counsel may request that the Court award each Settlement Class Representative up to $1,000.00 as a Service Award for his/her work in prosecuting this lawsuit on behalf of the Settlement Class, providing information for informal discovery, exposing themselves as plaintiffs in a class action matter, and/or recovering money for the Settlement Class. Settlement Class Counsel will file the request for the Service Award with their motion for attorney fees and costs, described below.

**J. Attorney Fees and Costs (Ex. 1, Settlement Agreement, § III.7)**

Under the Settlement Agreement, Settlement Class Counsel may request that the Court award them up to thirty-three percent (33%) of the Gross Fund as attorney fees plus their litigation expenses.

Settlement Class Counsel will file their request for attorney fees and costs within 30 days of initial Notice distribution, and the Settlement Administrator will make the filing available at their offices and will mail/email the same to anyone by request. The Notice advises Settlement Class Members about how to review the request for attorney fees and costs. This will enable Settlement Class Members to see the request when deciding whether to exclude themselves from the settlement or object to it.

**IV. The Court Should Grant Preliminary Approval for the Settlement.**

**A. Settlement of Class Action Litigation is Favored**

Courts favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); see also 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 (3d ed. 1992) (collecting cases).

Although class action settlements necessarily proceed on a case-by-case basis, certain factors have consistently been held as relevant to the determination whether a settlement is fair, reasonable, and adequate. See *Manual for Complex Litigation,* Chap. 9.2.5 (2014 Update to 4th Edition). These factors, sometimes referred to as the "Korshak factors" are relevant and important in such an analysis. *City of Chi. v. Korshak*, 206 ILL. App. 3d 968, 971-72 (1st Dist. 1990). The factors include [1] the strength of plaintiffs' case balanced against the money and relief offered in the settlement; [2] the defendants' ability to pay; [3] the complexity, length, and expense of further litigation; [4] the amount of opposition to the settlement; [5] the presence of collusion in reaching the settlement; [6] the class members' reaction to the settlement; [7] the opinion of competent counsel; and [8] the stage of proceedings and amount of discovery completed. *Lee v. Buth-Na-Bodhaige, Inc.*, 2019 IL App (5th) 180033, Par. 56. When "considering these factors, the circuit court should not turn the approval hearing into a trial on the merits." *Id.* "Where the procedural factors support approval of a class settlement, there is a presumption that the settlement is fair, reasonable, and adequate." *Lebanon Chiropractic Clinic, P.C. v. Liberty Mut. Ins. Co.*, 2016 IL App (5th) 150111, Par. 42.

The *Korshak* factors substantially support the proposed settlement. While Plaintiff is confident that it would be successful on the merits, Defendant has asserted several defenses which, if allowed, would significantly decrease monetary recovery. It maintains that the time clock technology used does not rely on biometric identifiers or biometric information, and would therefore fall outside of BIPA. Defendant's position is that the scanner captures "templates" and does not capture any data that could constitute a biometric identifier. The data, Defendant argues, is not biometric information.

Among other defenses, Defendant has asserted that a significant portion of Plaintiffs' and the class's claims are barred by the applicable statute of limitations, arguing that a good

percentage of the proposed class cannot state a claim under BIPA Section 15(d) as a matter of law. Given this background, the litigation would be challenging.

As discussed *supra* the litigation would be complex, lengthy, and expensive. Experts would be required on both sides in order to discuss the "template" defense, the inner workings of complicated scanner technology. The parties estimate that at least 10 non-expert depositions would be necessary.

There has been no collusion in the settlement. The parties and their attorneys have come to this agreement through arm's length negotiations with an eye towards the risks and expenses of litigation.

The Parties have conducted informal discovery, in determining the case value, exposure, and ability to pay any settlement or judgment. The parties agreed that early resolution and collaborative efforts suit their clients' interests. Counsel for both parties believe the settlement to be fair and in the parties' best interests.

When considering these factors, it is clear that preliminary approval is justified. *Buth-Na-Bodhaige* 2019 IL App (5th) 180033, Par. 56. The procedural factors support the presumption that the "settlement is fair, reasonable, and adequate." *Lebanon Chiropractic Clinic*, 2016 IL App (5th) 150111, Par. 42.

**B. Certification of the class is warranted.**

"Certification of a class action in Illinois is governed by section 2-801 of the Code." *Lee*, 2019 IL App (5th) 180033 at Par. 52. Deciding whether to grant class certification is soundly within the discretion of the circuit court, and "[i]n exercising its discretion, the court should err in favor of granting class certification." *Bueker v. Madison County,* 2016 IL App (5th) 150282, Par. 22, 61 N.E. 3d 237, 248. In deciding whether to certify a class, the trial court may consider any matters

11

of fact or law properly presented by the record, including pleadings, depositions, affidavits, answers to interrogatories, and any evidence that may have been adduced at the hearings. *Lee*, 2019 IL App (5th) 180033 at Par. 54.

Fed. R. Civ. P. 23. "Class Actions" provides:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

There is a three-step procedure for approval of class action settlements:

(1) Preliminary approval of the proposed settlement at an informal hearing;

(2) Dissemination of mailed and/or published notice of the settlement to all affected class members; and

(3) A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

Manual for Complex Lit., at § 21.632–34. This procedure, endorsed by the leading class action treatise, safeguards the due process rights of absent class members and enables the Court to fulfill its role as the guardian of class interests. See 2 Newberg & Conte, at § 11.22, et seq. With this Motion, Plaintiffs request that the Court take the first step in the process by granting preliminary approval of the proposed Settlement.

**C. Plaintiffs have established all of the elements for certification.**

**1. Numerosity**

Courts consistently hold that if there are more than 40 class members, numerosity is satisfied. See, e.g., *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996). The estimated class size here is 55, which satisfies numerosity. Ex. 1, Agreement, § II.

### 2. Commonality

For a class to be certified, questions of law or fact must exist common to the class. Those common issues must be susceptible to common answers. In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court summarized the commonality requirement as follows: "What matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." 564 U.S. 338, 350 (2011).

The predominance requirement looks to whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). "Thus, the Plaintiffs bear the burden of demonstrating 'that the elements of liability are capable of proof at trial through evidence that is common to the class rather than individual to the members.'" *Kernats, et al. v. Comcast Corp.*, Case Nos. 09 C 3368 and 09 C 4305, 2010 WL 4193219, at *7 (N.D. IL, 2010).

Here, the claims of the Settlement Class Members can be resolved in a "single stroke" by answering the following common question: did Defendant collect biometric data of the Class Members without following BIPA's notice and consent requirements? Answering this common question resolves the question of liability for all Class Members. Commonality is met here.

### 3. Typicality

A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and ... [the] claims are based on the same legal

13

theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citation omitted). The requirement is meant to ensure that the named representative's claims "have the same essential characteristics as the claims of the class at large." *Id.* (quotations and citation omitted)).

The claims of the Settlement Class Representatives and Settlement Class Members arise from the same conduct: Defendant's use of a biometric finger scan system for its Illinois employees and staffers allegedly without following BIPA's notice and consent requirements. Typicality will be met.

### 4. Adequacy of the Class Representative

The adequacy of representation component has three elements: (1) the claims of the class representative cannot conflict with the claims of the other class members; (2) the class representative's interest in the litigation outcome must be sufficiently strong to ensure that she is a vigorous advocate for the class; and, (3) counsel for the class representative must be competent, experienced, and able to conduct the litigation with that necessary vigor. *Gammon v. G.C. Servs., L.P.*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).

The Settlement Class Representative alleges the same claims as Settlement Class Members and have no interests antagonistic to them. Thus, the Settlement Class Representative has "a clear stake in a successful outcome – [] damages for [themselves] and the class – that raises no specter of antagonistic interests." *Pierre v. Midland Credit Mgmt., Inc.,* 2017 WL 1427070, at *8-9 (N.D. Ill. 2017).

### 5. Class Counsel is experienced and qualified.

Settlement Class Counsel will also fairly and adequately protect the interests of the Settlement Class Members. A court considers the following four factors when appointing class counsel: (1) the work counsel has performed in identifying the potential class claims; (2) class counsel's experience in handling complex litigation and class actions; (3) counsel's knowledge of

the applicable law; and (4) the resources that class counsel will commit to representing the class. Fed. R. Civ. P. 23(g).

Settlement Class Counsel are highly experienced consumer rights attorneys. They have provided a supporting declaration in support of the Motion for Class Certification. The arguments and facts therein are incorporated here. In this case, Settlement Class Counsel demonstrated their commitment to the class by reviewing and exchanging information with Defendant's counsel, and by negotiating a favorable resolution at the mediation. By their actions in this case and relevant experience, Settlement Class Counsel are well-positioned to protect the interests of Class Members.

**6. A class action is a superior mechanism.**

The superiority inquiry requires a court to compare alternatives to class treatment and determine if any alternative is superior. "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). This is particularly true in actions like this one, where numerous individual claimants each suffer a relatively small harm. "Rule 23(b)(3) was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).

Here, the alternative to class resolution is 55 individual lawsuits for recoveries possibly as low as $1,000, plus attorneys' fees and costs. As each case would require resolution of identical factual and legal issues, the resulting efficiencies achieved by class-wide resolution are obvious.

**C. The Court Will Likely Be Able to Approve the Final Settlement**

**1. The Class Representatives and Class Counsel have Adequately Represented the Proposed Settlement Class**

15

Settlement Class Counsel and the Settlement Class Representatives pursued this case vigorously on behalf of the potential class. Settlement Class Counsel obtained relevant information and responded to information requests on behalf of the proposed class action claims in the case. Settlement Class Counsel prepared a detailed settlement position statement that laid out Plaintiffs' factual and legal theories. Settlement Class Counsel negotiated a settlement that obtains meaningful non-reversionary monetary relief, with an opt out process, and with an appropriate release of claims.

**2. The Settlement Was Negotiated at Arm's Length.**

The Settlement was the result of arm's-length negotiation between the parties' counsels. The Settlement was not collusive.

**3. The Settlement Provides Adequate Relief to the Class.**

The Settlement Class Representatives claim that they and potential class members are entitled to $1,000 per violation if they were able to prove Defendant's alleged violations of BIPA were "negligent." 740 ILCS 14/20(1). The $59,812.50 Gross Fund represents a gross recovery of $ $1,087.50 per Settlement Class Member. See attached Exhibit C – Classic Molding Settlement Figures; Ex. 2 is attached hereto.  If the Court approves Class Counsel's attorney fees, costs, the Service Awards, and the settlement administration costs, Settlement Class Counsel estimate the net recovery for each Settlement Class Member will be approximately $549.02 per person. The recovery here compares favorably with or exceeds other employment BIPA class settlements where courts have granted preliminary and final approval.  See attached Exhibit D – Graph of BIPA Settlements; Ex. 3 is incorporated herein.

The Settlement also represents a meaningful recovery when compared against average recoveries in class action settlements. See *In re Ravisent Techs., Inc. Sec. Litig.*, 2005 WL 906361, at *9 (E.D. Pa. Apr. 18, 2005) (citing a study by Columbia University Law School, which determined

16

that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted).

The Court should further evaluate the adequacy of relief based on the sub-factors below, each of which the Settlement satisfies.

**a. Costs, risks, and delay of trial and appeal.**

If the litigation had continued, it would have been complex, expensive, and protracted. If the case had not settled, the parties would have completed depositions and likely taken steps to enforce subpoenas on other third-party respondents including former employees who may have used the finger-scan device Defendant used. After that, Plaintiffs would have served an expert witness report about how Defendant's timekeeping system collected biometric identifiers and/or biometric information covered by BIPA. This likely would have resulted in Defendant hiring its own expert witness(es). Following that additional discovery, Plaintiffs would have filed a motion for class certification.

After extensive litigation, Defendant could have obtained a victory or greatly reduced the potential class recovery based on its defenses in the lawsuit, including:

(1)     that Defendant's biometric device did not collect biometric identifiers or biometric information as defined by BIPA;

(2)     that Defendant's alleged violations of BIPA were not negligent or reckless; and

(3)     that any award of liquidated damages per class member would be excessive in light of the alleged absence of injury and thus the damages would violate Defendant's due process rights under the Illinois and/or United States Constitutions.

Instead of expensive, complicated, and protracted litigation, this Settlement provides significant monetary relief to Settlement Class Members now.

**b. Effectiveness of the proposed method of distributing relief to Class Members first submit a claim form.**

Plaintiffs have proposed a claims process that allows for multiple contacts with the potential class recipients and a mechanism for distribution of funds, or in the event an opt out form is received, the opportunity to exclude, object, or review all relevant litigation documents. This process will be streamlined and allows for an efficient method for distributing funds.

### c. The terms of the proposed attorney fee award, including timing of payment

Settlement Class Counsel will seek an award of attorney fees of up to thirty-three percent of the Gross Fund plus litigation costs. Ex. 1, Agreement § III.7. The maximum fee that Settlement Class Counsel may request is comparable to or below the fees awarded in the BIPA class settlements cited *supra*. See BIPA Settlement Chart. The Settlement provides for payment of any attorney fees awarded at the same time as payments to Settlement Class Members; there is no priority for Settlement Class Counsel.

### d. Any Agreement required is identified.

The Settlement Agreement is Ex. 1 to this Memorandum. There are no side agreements regarding the Settlement Class or attorney fees related to this Settlement.

### e. The Settlement Treats Settlement Class Members Equitably Relative to Each Other.

The Settlement treats Class Members equally by distributing awards to Settlement Class Members from the Net Settlement Fund on a pro rata basis. Ex. 1, Agreement, § IV.2.

**D. Plaintiffs' Notice Program and Class Notice Form Merit Approval** (Ex. 1, Settlement Agreement, §§ IV.5, IV.11.b and Attach. A)

The proposed Notice complies with due process and Illinois law. Federal Rule of Civil Procedure 23(c)(2)(B) provides that the notice must:

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the

class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The proposed Notice exceeds this bare minimum and complies with the requirements of due process. The plan for the Settlement Administrator to distribute individual Notices directly to Settlement Class Members is reasonable.

**E. Conclusion**

Because the Settlement makes significant monetary relief available to Settlement Class Members who might have recovered nothing without the Settlement, the Court should grant preliminary approval of the Settlement Agreement.


_s/ James M. Dore_

**Justicia Laboral LLC**
James M. Dore (ARDC# 6296265)
Daniel I. Schlade (ARDC No. 6273008)
_Attorneys for Plaintiffs_
6232 N. Pulaski Rd., #300; Chicago, IL 60646
P: 773-415-4898
E:; jdore@justicialaboral.com; dschlade@justicialaboral.com

**PROOF OF SERVICE BY EMAIL**

I, James Dore, an attorney, certify that I caused a true and correct copy of the attached Notice and documents referred to above on August 10, 2023, to be served on:

**Mr. Joel Griswold and Bonnie Keane DelGobbo**
BakerHostetler
*Counsel for Defendant*
One North Wacker Dr | Suite 4500
Chicago, IL 60606-2841
T: 312.416.6238;
E: jcgriswold@bakerlaw.com; bdelgobbo@bakerlaw.com

s/   James M. Dore

**Justicia Laboral LLC**
James M. Dore (ARDC# 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Rd., #300; Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com
dschlade@justicialaboral.com

20